# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 15, 2019

160235

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

*In re* AFFLECK/KUTZLEB/SIMPSON, Minors.

SC: 160235
COA: 347045
Oakland CC Family Division:
2017-852703-NA

_____/

On order of the Court, the application for leave to appeal the August 15, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the judgment of the Court of Appeals addressing the trial court's best-interest determinations, and we REMAND this case to the Oakland Circuit Court for reconsideration of whether terminating respondent's parental rights is in the best interests of each child. MCL 712A.19b(5). Petitioner did not consider recommending a guardianship for KPA and BEK with respondent's mother because of a purported departmental policy against recommending guardianship for children under the age of 10. Absent contrary statutory language, such a generalized policy is inappropriate. On remand, the trial court shall address whether guardianship is appropriate for KPA and BEK as part of its best-interest determinations without regard to a generalized policy disfavoring guardianship for children under the age of 10. See *In re Timon*, 501 Mich 867, 867 (2017) ("On remand, the trial court shall make an individualized determination as to whether terminating respondent's parental rights is in the best interests of respondent's youngest child without regard to a generalized policy disfavoring guardianship for children under the age of 14."). In addition, as part of its best-interest determinations, the court shall consider the sibling relationships, although the court shall decide the best interests of each child individually. See *In re Olive/Metts Minors*, 297 Mich App 35, 42 (2012). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 15, 2019



Clerk

p1106